**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**LATANYA RICHARDSON,**

        Plaintiff,

  vs.                         Civil Action 2:05-CV-776
                                  Judge Watson
                                  Magistrate Judge King

**ANIMAL MEDICAL CENTER,**

        Defendant.

**REPORT AND RECOMMENDATION**

        Plaintiff, who is proceeding without the assistance of counsel, instituted this employment discrimination action against "Animal Medical Center," identifying the defendant as "a California corporation [that] has an office located at 2562 S. Hamilton Road, Columbus, Ohio, Franklin County." *Complaint,* ¶2, Doc. No. 1. Plaintiff complains that she was discriminated against in the terms of her employment and was eventually discharged from her employment on account of her race, in violation of 42 U.S.C. §2000e *et seq. Complaint,* ¶¶7-12. The complaint seeks an award of damages.

        A waiver of service of summons was executed by one Rachael Jeck, who identified herself as "in house counsel" of "Animal Medical Center." Doc. No. 2. On October 28, 2005, plaintiff filed a motion for entry of default, Doc. No. 3, and the Clerk entered the fact of defendant's default on October 31, 2005. Doc. No. 4. This matter is now before the Court on plaintiff's motion for entry of default judgment, Doc. No. 6, and on the motion to set aside the entry of default, Doc. No. 8.[1]

---

[1] This motion was actually filed as a "*Motion for Relief from Default Judgment.*" Because no judgment has yet been entered, however, the Court receives the motion as one to set aside the entry of default pursuant to F.R. Civ. P. 55(c).

Rule 55(c) of the Federal Rules of Civil Procedure vests the Court with discretion in determining whether or not to set aside an entry of default or to instead enter default judgment. *Jackson v. Hamilton County Community Mental Health DD,* 174 F.R.D. 394, 395 (S.D. Ohio 1997)(citing *INVST Financial Group v. Chem-Nuclear Systems, Inc.*, 815 F.2d 391, 398 (6th Cir. 1987)). In making that determination, the Court must consider: (1) whether the plaintiff will be prejudiced by setting aside the entry of default; (2) whether defendant has a meritorious defense to plaintiff's claim; and (3) whether the culpable conduct of defendant led to the default. *Jackson,* 174 F.R.D. at 395 (citing *Shepard Claims Service v. William Darrah & Asocs.,* 796 F.2d 190, 192-94 (6th Cir. 1986)). An additional relevant factor is the strong preference for trial on the merits. *United Coin Meter Co., Inc. v. Seaboard Coastline RR.,* 705 F.2d 839, 845 (6th Cir. 1983). *See also United States v. Real Property All Furnishings Known as Bridwell's Grocery,* 195 F.3d 819, 820 (6th Cir. 1999).

1. Prejudice to Plaintiff.

Plaintiff has not identified any undue prejudice that will result if the entry of default is vacated and the defendant is permitted to file an answer to the complaint. While there has been delay in this case, "delay alone is not a sufficient basis for establishing prejudice." *INVST,* 815 F.2d at 398. "Rather, it must be shown that delay will 'result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Id.,* at 398.


2. Meritorious Defense and Conduct of Defendant.

In support of the motion to vacate the entry of default, the defendant has submitted the declaration of Rachael Jeck. *Declaration of Rachael Jeck*, Exhibit A-1, attached to Doc. No. 8. She states that VCA Animal Hospitals, Inc., operates a number of veterinary clinics in various states, each of which is referred to as "Animal Medical Center." *Id.,* ¶2. Although VCA operates a clinic in Ohio, that facility is located in Findlay, not in Columbus. *Id.,* ¶3. When Ms. Jeck waived service in this action, she assumed that plaintiff was a former employer of VCA. *Id.,* ¶5. She invited settlement negotiations with plaintiff, during the course of which she learned, from a pay stub provided by plaintiff, that plaintiff had never actually been employed by VCA. *Id.,* ¶¶7, 10, 11.

Defendant has also submitted the declaration of Gary Rydka, who identifies himself as the "owner of Animal Medical Center, located at 2562 South Hamilton Road, in Columbus, Ohio." *Declaration of Gary Rydka,* Exhibit A-2, attached to Doc. No. 8. He further states that plaintiff was employed at that location. *Id.,* ¶2.

In her response to the motion, *Declaration of Latanya Richardson*, Doc. No. 11, plaintiff does not dispute the factual information contained in the Jeck declaration, *i.e.,* that VCA does not operate Animal Medical Center located on South Hamilton Road in Columbus, Ohio, or that plaintiff was never employed by VCA. Moreover, plaintiff appears to concede that she was actually employed by Gary Rydka. Plaintiff offers no evidence that Rydka is associated with the entity actually served with process in this case or that she was ever employed by the entity served with process in this case. Instead, plaintiff queries, "If Dr. Gary Rydka is not part of the corporation VCA, Animal Hospitals Inc., d/b/a Animal Medical Center, why is the business name he

3

is operating under called Animal Medical Center." *Id.,* ¶19. Plaintiff also notes that Gary Rydka apparently operates businesses under names not listed with the Ohio Secretary of State. *Id.,* ¶¶21, 22. However, the fact that her former employer may be operating under the name of a different and otherwise unconnected foreign corporation does not render the foreign corporation liable for the default, if any, of plaintiff's former employer.

It therefore appears that the defendant named in the complaint may have a meritorious defense in this action and that the conduct of the defendant that led to the entry of default was not so culpable as to justify denial of the motion to set aside the default and the entry of judgment by default.

It is therefore **RECOMMENDED** that plaintiff's motion for entry of default judgment, Doc. No. 6, be **DENIED** and that defendant's motion for relief from the entry of default, Doc. No. 8, be **GRANTED.** It is further **RECOMMENDED** that defendant be directed to respond to the allegations in the complaint, either by answer or motion, within fourteen (14) days.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within ten (10) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de*

*novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


April 6, 2006                             s/Norah McCann King
                                          Norah M<sup>c</sup>Cann King
                                       United States Magistrate Judge