UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION



FILED

TIME

MAY 1 9 2006

JAMES BONINI, Clerk
COLUMBUS, OHIO

Latanya Richardson,

    Plaintiff,

v.

    Case No. 2:05cv776

Animal Medical Center,

    Judge Michael H. Watson

    Defendant.

## OPINION AND ORDER

Before the Court is the April 6, 2006 Report and Recommendation (hereinafter "Report") issued by Magistrate Judge King (Doc. 14). Plaintiff Latanya Richardson (hereinafter "Plaintiff") filed objections to the Report on April 17, 2006 (Doc. 16).

When objections are timely received to a magistrate judge's Report and Recommendation on a dispositive matter, the assigned district judge "shall make a de novo determination...of any portion of the magistrate judge's disposition to which specific written objection has been made..." Fed. R. Civ. P. 72(b). After review, the district judge "may accept, reject or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id.*

Magistrate Judge King's Report recommends the Court deny the November 7, 2005 Motion of Plaintiff for Entry of Default Judgement (Doc. 6), and grant the December 6, 2005 Motion of Defendant Animal Medical Center (hereinafter "Defendant") for Relief of Default Judgement (Doc. 8). The Report further recommends that the Defendant be directed to respond to allegations in the complaint, either by answer or motion, within fourteen days. Magistrate Judge King concluded that the

Defendant may have a meritorious defense and did not engage in culpable conduct or create a situation of undue prejudice sufficient to justify denial of the Defendant's Motion for Relief from Judgment pursuant to Fed. R. Civ. Pro. 55(c).

Plaintiff, acting *pro se*, filed objections to the Report. Plaintiff contends that to set aside the default judgment would result in undue prejudice. Specifically, the delay which already occurred caused increased difficulties of discovery in the termination of employees with information pertaining to Plaintiff's case, and in changes in the corporate structure of relevant parties. Plaintiff also disputes the validity of Defendant's meritorious defense, alleging inaccuracies in witness statements, and asserts that Defendant had ample notice of the necessity and time limitations of its response.

The Court, having reviewed and considered Plaintiff's objections and applying the *de novo* standard of review required by Fed. R. Civ. P. 72(b), concludes Plaintiff's objections fail to establish any legal basis for rejecting any portion of Magistrate Judge King's Report.

First, in order to establish prejudice, Plaintiff must show the delay resulting from the Court's grant of relief would cause increased difficulties in discovery. However, allegations that prior delay caused difficulties in discovery do not constitute evidence that such difficulties will result if the default judgment is set aside. *See Acevedo v. Motors*, No. 96-3293, 1998 U.S. App. LEXIS 12571, at *10-11 (6th Cir. 1998) (holding that prior alleged acts to conceal corporate structure were not evidence of discovery difficulties which would result from granting relief from default judgment).

Second, Defendant's meritorious defense claim is sufficient to grant relief from the default judgment because it contains "'even a hint of a suggestion' which, [if] proven

at trial, would constitute a complete defense." *INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc.*, 815 F.2d 391, 398-399 (6th Cir. 1987), *quoting Keegel v. Key West & Carribean Trading Co.*, 627 F.2d 372, 374 (D.C. Cir. 1980). Currently, if the witness statements which constitute the defense are proved at trial, they would be dispositive. Thus, the meritorious defense is sufficient to grant relief from the default judgment.

Third, there is no evidence Defendant intended to "thwart judicial proceedings" or had "reckless disregard" for these proceedings, in the delay of its initial response to Plaintiff's claim. *INVST Financial Group*, 815 F.2d at 399. Rather, Defendant has shown respect for the Court's process in the quick reply to the default judgment. Therefore, Defendant's conduct was not culpable to the extent necessary to justify denying its Motion for Relief.

Accordingly, the April 17, 2006 Objections of Plaintiff to the Report and Recommendation (Doc. 16) are hereby **DENIED** and the April 6, 2006 Report and Recommendation issued by Magistrate Judge King (Doc. 14) is hereby **ADOPTED** in its entirety. The November 7, 2005 Motion of Plaintiff for Entry of Default Judgement (Doc. 6) is hereby **DENIED**, and the December 6, 2005 Motion of Defendant for Relief of Default Judgement (Doc. 8) is hereby **GRANTED**.

**IT IS SO ORDERED.**

*/s/ M. H. Watson*
Michael H. Watson, Judge
United States District Court